UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **BENNY EARL YAUGER, JR.,**<br>     Plaintiff,<br><br>v.<br><br>**GREENE COUNTY SHERIFF'S OFFICE, et al.,**<br>     Defendants. | 7:22-cv-1080-CLM-SGC |

# MEMORANDUM OPINION

The magistrate judge has entered a report, recommending that the court dismiss Plaintiff Benny Earl Yauger, Jr.'s claims as either time-barred or improperly joined. (Doc. 22). After receiving an extension of the deadline to object to the report and recommendation ("R&R"), Yauger filed objections (doc. 30) and three motions: (1) a motion seeking the appointment of a different magistrate judge (doc. 26); (2) a motion for leave to file an amended complaint (doc. 27); and (3) a motion to appoint counsel (docs. 28 & 29). As explained below, the court will deny Yauger's motions, overrule his objections, and dismiss this case.

## I.   Background

As explained in the R&R, Yauger's claims arise from his March 21, 2020, arrest and the seven months he spent in the Greene County Jail. The original complaint— considered filed on August 20, 2022[1]—was 43-pages long and named 32 defendants. (Doc. 1). The magistrate judge entered an Order to Amend, explaining the complaint asserted untimely, improperly joined, vague, and conclusory claims. (Doc. 13). The order noted that if the amended

---

[1] Under the prison mailbox rule, a prisoner's filings are considered filed on the date the prisoner delivers them to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, courts assume a prisoner delivered a filing for mailing on the date he signed it. *See Washington v. United* States, 243 F.3d 1299, 1301 (11th Cir. 2001). While the plaintiff signed his complaint on August 9, 2022, he mailed it with an addendum signed on August 20, 2022. (Doc. 1, pp. 10, 43).

complaint reasserted improperly joined claims, the court would consider only the first claim presented and would not address unrelated claims asserted later in the complaint. (*Id.*, p. 7). Finally, the order noted the complaint was fatally vague and conclusory, required Yauger to fix this pleading defect, and warned that failure to do so could lead to dismissal. (*Id.*, pp. 8–9).

Yauger filed a 25-page amended complaint that named 24 defendants. (Doc. 18). The R&R concluded the amended complaint (like the original complaint) consisted of factually and legally unrelated claims. (Doc. 22, pp. 6–10). So the magistrate judge analyzed the first claim presented in the amended complaint: excessive force based on an unprovoked beating by the arresting officer. (*Id.*, p. 10). The R&R also discussed the related claim for denial of medical care for the injuries Yauger sustained during the arrest, construing these claims as asserted against Deputy McWhorter. (*Id.*, pp. 10–11). The R&R then recommend that the court find both these claims are time-barred because they both accrued on March 21, 2020, more than two years before Yauger filed his original complaint. (*Id.*, pp. 11–13).

## II.  OBJECTIONS

Yauger has raised several objections to the R&R. The court will address each objection in turn.

### A.  Discussion of Original Complaint

Yauger first contends that the R&R is confusing because it discusses allegations made in the original complaint as well as the amended complaint. According to Yauger, this has made him doubt which pleading controls. (Doc. 30, p. 1). The amended complaint is the operative pleading, but the magistrate judge described the original complaint to explain why Yauger failed to remedy the deficiencies pointed out in the Order to Amend. It was proper for the magistrate judge to refer to the original complaint to give context to the R&R's recommendations. So the court overrules this objection.

### B.  References to Deputy McWhorter

Yauger also objects to the R&R's reference to Deputy McWhorter, who was named as a defendant in the original complaint but omitted from the amended complaint. (*Id.*, p. 3).

The magistrate judge assumed the omission of McWhorter was inadvertent since he was the only defendant identified in connection with the claim for denial of medical care for injuries Yauger sustained during his arrest. (Doc. 22, pp. 10–11). Yauger's objections clarify that he intentionally omitted McWhorter as a defendant in the amended complaint to try to comply with the Order to Amend. (Doc. 30, p. 3). Instead, of specifying a defendant or defendants who denied him medical care for injuries sustained during his arrest, Yauger's objections generally assert all defendants denied him medical care for the entire time he was held in the Greene County Jail. (*Id.*, p. 2). As noted in the Order to Amend, vague and conclusory allegations fail to state a claim. (Doc. 13, p. 8). And while Yauger has clarified that McWhorter is no longer a defendant, any claim for denial of medical care for injuries sustained during Yauger's arrest still accrued more than two years before Yauger filed his original complaint. Plus, as explained below, the magistrate judge correctly recommended that the court dismiss any claims for denial of medical care unrelated to Yauger's arrest because they were misjoined with Yauger's properly joined claims.

C. **Equitable Tolling**

Yauger next contends his attempts to exhaust his administrative remedies entitle him to equitable tolling. (Doc. 30, pp. 3–4). The Prison Litigation Reform Act ("PLRA") requires a plaintiff asserting a § 1983 claim based on prison conditions to exhaust available administrative remedies before suing. 42 U.S.C. § 1997e(a). But the Eleventh Circuit has not addressed whether equitable tolling applies while a prisoner exhausts administrative remedies. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001). At least one court sitting in this district has held that exhaustion of administrative remedies does not trigger equitable tolling in the Eleventh Circuit. *See Woods v. United States*, No. 20-0505-RDP-JHE, 2023 WL 2364425, at *9 (N.D. Ala. Jan. 19, 2023), *R&R adopted Feb. 24, 2023*, 2023 WL 2208208. This court agrees that the extraordinary remedy of equitable tolling, which is "applied sparingly" in only "rare and exceptional circumstances," does not apply here. *See Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1218 (11th Cir. 2017).

3

Even if exhaustion of administrative remedies could trigger equitable tolling, Yauger isn't entitled to application of the equitable tolling doctrine. In § 1983 actions, federal courts look to state law to determine whether tolling applies. *Zamudio v. Haskins*, 775 F. App'x 614, 615–16 (11th Cir. 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007)). Under Alabama law, equitable tolling "is available in extraordinary circumstances that are beyond the petitioner's control and that are unavoidable even with the exercise of diligence." *Weaver v. Firestone*, 155 So. 3d 952, 957-58 (Ala. 2013). "A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way as to the filing of his action." *Id.* at 957 (quotation marks omitted, alterations incorporated).[2] And a plaintiff presenting facially time-barred claims bears the burden of alleging facts warranting equitable tolling. *See Ward v. State*, 228 So. 3d 490, 494 (Ala. Crim. App. 2017).

As grounds for equitable tolling, Yauger alleges fear of retaliation prevented or delayed his submission of an administrative grievance while housed in the Greene County Jail or, later, at the Pickens County Jail. (Doc. 30, p. 4). Presumably after transfer to a different institution, Yauger "reached out several dozen times to the Greene County Sheriff's Office and Jail asking for the procedures and proper forms to file" a grievance but never received a response. (*Id.*, pp. 3–4). As evidence of these attempts, Yauger has attached two letters he wrote—to the Greene County Sheriff on March 16, 2022, and to the Administrator of the Greene County Jail on May 23, 2022—requesting grievance forms and procedures. (Doc. 30-1; Doc. 30-2). The court finds that repeatedly and unsuccessfully requesting grievance forms is not enough to trigger the extraordinary remedy of equitable tolling. *See Zamudio*, 775 F. App'x at 617 (merely requesting grievance forms did not justify equitable tolling; official forms were not required for plaintiff to submit grievance). Yauger does not allege any deception or obfuscation by Greene County officials; instead, he merely alleges they did not respond to his repeated requests for grievance forms. *See id.* at 616 ("Generally speaking, equitable

---

[2] Alabama law mirrors the Supreme Court's recitation of the requirements for equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

4

tolling is reserved for cases involving some affirmative misconduct or deception on the part of the adverse party.").

Finally, even if PLRA-mandated administrative exhaustion could justify equitable tolling, Yauger has tacitly admitted that he has not exhausted his claims. Yauger notes that he never received a response to any of his requests for grievance forms, the last of which he sent in May 2022. But the case Yauger cites to support the application of equitable tolling assumes that actual exhaustion under the PLRA is needed to trigger tolling. *Leal*, 254 F.3d at 1280 (declining to decide whether the PLRA's mandatory exhaustion requirement, along with "*actual exhaustion* of remedies by a prisoner," could trigger tolling) (emphasis added). So if *Leal* supports imposition of equitable tolling during administrative exhaustion, Yauger would not be entitled to its benefit.

As explained above, (1) the face of the amended complaint shows that Yauger's claims stemming from his March 21, 2020, arrest were filed more than two years after they accrued; and (2) Yauger has failed to carry his burden of alleging facts to support equitable tolling. So the court will overrule Yauger's objections related to equitable tolling.

### D.   Rule 21

Finally, Yauger relies on Federal Rule of Civil Procedure 21 to object to the dismissal of his misjoined claims. (Doc. 30, p. 5). That rule provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Yauger's objection based on Rule 21 fails for three reasons.

First, the R&R does not violate the plain language of Rule 21 because it did not recommend dismissal of the entire action because of misjoinder. *See Daker v. Head*, 730 F. App'x 765, 768 (11th Cir. 2018) (Rule 21 allowed district court to dismiss improperly joined defendants). Instead, the magistrate judge determined the properly joined claims were time-barred and refused to consider the misjoined claims—just as the Order to Amend warned

5

Yauger would happen if the amended complaint remained a conglomeration of unrelated claims. While not discussing Rule 21, the Eleventh Circuit has affirmed dismissal under Rule 20 of unrelated § 1983 claims brought by a pro se prisoner. *See Smith v. Owens*, 625 F. App'x 924, 928–29 (11th Cir. 2015) (affirming dismissal of "a variety of unrelated claims against different corrections officers, arising out of different events and occurring on different dates"); *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("dismissal of claims against misjoined parties is appropriate").

Second, Yauger's interpretation of Rule 21 conflicts with the statutory requirements of the PLRA's "three-strikes rule" and mandatory payment provision. *See* 28 U.S.C. §§ 1915(b)(1), (g); *Sneed v. Acosta-Martinez*, No. 22-126, 2022 WL 18717539, at *5 (N.D. Fla. Nov. 18, 2022), *R&R adopted Feb. 15, 2023,* 2023 WL 2025225. "In assessing whether severance or dismissal under Rule 21 is prudent, courts routinely consider the purpose" of the PLRA, which "was enacted in 'an effort to stem the flood of prisoner lawsuits in federal court.'" *Sneed* , 2022 WL 18717539, at *5 (quoting *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc)). "Permitting a prisoner to pack his complaint with entirely unrelated and misjoined claims would clearly violate the intent of the PLRA, as it would allow the prisoner to file, in effect, separate complaints in one action and be responsible for only one filing fee, and it would allow the prisoner to raise multiple frivolous claims in a single lawsuit but receive only one 'strike' under § 1915(g)." *Phillips v. Aponte*, No. 20-4843, 2021 WL 1031601, at *4 (N.D. Ga. Feb. 17, 2021).

Finally, the vague, conclusory, and shotgun nature of the amended complaint compels the court to dismiss the improperly joined claims. Rule 21 allows the court to add or drop a party, or to sever claims, "on just terms," which several courts have interpreted to mean circumstances that do not cause "gratuitous harm to the parties," such as where the applicable statute of limitations has run on otherwise timely claims. *See, e.g.*, *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008).

Yauger was transferred from the Greene County Jail sometime in October 2020. (*See* Doc. 18, p. 9). Because Yauger filed his original complaint on August 20, 2022, it could be that the dismissed claims include some that would have been timely if properly joined—*i.e.*, any claim that accrued

6

between August 20, 2020, and Yauger's transfer in October 2020. But because of the vague allegations in the amended complaint, it's impossible to tell whether any of Yauger's claims arose during the relevant window.[3] Plus, the Order to Amend warned Yauger that any incidents that occurred before August 20, 2020, were likely time-barred. (Doc. 13, p. 5). Yauger did not heed this warning and continues to insist that he cannot disentangle his timely claims from those that are time-barred. Indeed, Yauger's objections acknowledge he did not remedy the deficiencies identified in the Order to Amend but asserts that all of his claims arise out of the same transaction or occurrence because unnamed Greene County officials played a recording of a 911 call that cast Yauger in a negative light. (Doc. 30, pp. 5–6).

The Order to Amend allowed Yauger to remedy his deficient pleading. But Yauger did not take the opportunity to amend his complaint to include only timely claims that were related to the same transaction or occurrence. Under these circumstances, dismissal of the improperly joined claims is the only feasible option. Thus, the court will overrule Yauger's objections based on Rule 21.

### E.   Failure to Prosecute

Yauger's failure to comply with the instructions set out in the Order to Amend also constitute failure to prosecute. The Order to Amend noted that the allegations in Yauger's complaint were vague and conclusory and ordered Yauger to allege facts that would allow the court to conduct its screening under § 1915A. (Doc. 13, p. 8). The order explained that to meet this requirement Yauger had to clearly state the facts related to his claims, including how each defendant violated his rights, the date of any incident, and the location of any incident. (*Id.*). The order warned Yauger that failure to comply with these instructions could result in dismissal. (*Id.*, p. 9).

The amended complaint did not comply with these requirements. As discussed, the amended complaint included the same time-barred and improperly joined claims asserted in the original complaint. The amended complaint also did not allege specific facts as required. For example, March

---

[3] The closest Yauger comes to alleging a timely claim concerns an attack by a fellow inmate and refusal of medical care following the attack that Yauger alleges occurred sometime between August to October 2020. (Doc. 18, p. 10).

7

21, 2020, is the only specific date attributed to an incident: Yauger's arrest and alleged beating. (Doc. 18, p. 8). The dates of other incidents are only vaguely and imprecisely alleged. So though the magistrate judge did not recommend it as grounds for dismissal, the court finds that Yauger's claims are also subject to dismissal for failure to prosecute. *See Skillern v. Ga. Dep't of Corr. Comm'r*, 379 F. App'x 859, 860 (11th Cir. 2010).

## III. PENDING MOTIONS

Yauger has also filed three motions in response to the R&R: (1) a motion to appoint an impartial magistrate judge (doc. 26); (2) a motion for leave to amend (doc. 27); and (3) a motion to appoint counsel (doc. 28).

The motion to appoint a new magistrate judge is based on the referral of Yauger's federal criminal case to the same magistrate judge who issued the R&R. (Doc. 26). As grounds for removing the magistrate judge, Yauger vaguely asserts that evidence and testimony presented during his federal criminal proceedings portrayed him as racist, which he says has compromised the magistrate judge's impartiality. (*Id.*, p. 2). The court disagrees.[4] In any event, I have reviewed the record de novo and determined that Yauger's claims should be dismissed. So I will deny Yauger's motion to appoint a different magistrate judge.

The motion seeking leave to file an amended complaint notes that Yauger is pro se and has a limited education and contends that the magistrate judge has misconstrued and inaccurately described the amended complaint. (Doc. 27). This one-page motion does not describe how the magistrate judge misconstrued Yauger's claims, nor does it explain how Yauger's proposed amendments would remedy this issue. Plus, Yauger's objections—which confirm he cannot untangle the unrelated, time-barred, and deficiently pleaded claims—show that any amended pleading would suffer from the same flaws.

---

[4] Having reviewed the record in Yauger's federal criminal case, the court notes that the magistrate judge's involvement in that case was limited. The magistrate judge entered two routine orders in the case—a standing discovery order and a scheduling order—and granted a motion seeking to continue the case because of the COVID-19 pandemic. (Docs. 9, 10, 12). The magistrate judge did not receive or review any testimony or evidence. In fact, Yauger never appeared before the referral magistrate judge for any proceeding in his criminal case.

8

In short, Yaguer has already had a chance to fix his pleading defects, and he didn't do so. The court will thus deny Yauger's motion to amend his complaint for a second time.

Finally, the court will deny Yauger's motion to appoint counsel. (Doc. 28). There is no constitutional right to counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Instead, the appointment of counsel in a civil matter is a privilege justified only by exceptional circumstances, such as novel or complex litigation. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014). Having reviewed the record, including the declaration Yauger submitted in support of his motion for appointment of counsel (doc. 29), the court finds that no exceptional circumstances warrant appointment of counsel here.

## IV. CONCLUSION

In sum, the court **ADOPTS** the magistrate judge's report (doc. 22), **ACCEPTS** her recommendation, and **OVERRULES** Yauger's objections (doc. 30). Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court will dismiss Yauger's claims as untimely or improperly joined. Alternatively, the court will dismiss Yauger's claims for failure to prosecute. The court will **DENY** Yauger's motion to appoint a new magistrate judge (doc. 26), motion to amend the complaint (doc. 27), and motion for appointment of counsel (doc. 28).

The court will enter a separate final judgment that closes this case.

**Done** on July 22, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE